IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| ROBERT S. GUTIERREZ JR. § § § **Plaintiff,** § § § § **ZAVALA COUNTY APPRAISAL DISTRICT** § § § § § **Defendant.** § | CIVIL ACTION NO.2:23-cv-00059 JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Robert S. Guttierez jr. ("Guttierez" or "Plaintiff") hereby presents this, his Original Complaint against Defendant, Zavala County Appraisal District ("ZCAD" or "Defendant") and for causes of action respectfully shows the Court as follows:

**I.
INTRODUCTION**

1. Plaintiff would show the Court that Defendant wrongfully discriminated and retaliated against Plaintiff based on his sexual orientation and retaliation for his protected activities in violation of Title VII and the Texas Commission on Human Rights Act, Tex. Lab. Code Section 21.001 et. seq. (the "TCHRA").

## II.
## PARTIES

2. During all times mentioned in this Complaint, Plaintiff, Robert Guttierez was and is a resident of Texas, residing at 522 Nueces Street, Crystal City, TX 78839. Plaintiff may be contacted through his attorney of record, Nicholas A. O'Kelly, The Law Offices of Nick O'Kelly, PLLC, 4925 Greenville Avenue, Suite 200, Dallas TX 75206.

3. Defendant, ZCAD is a state municipality with offices located at 323 West Zavala Street Crystal City, TX 78839 and may be served through the Attorney General's Office for the State of Texas located at 300 W. 15th Street, Austin, TX 78701.

## III.
## JURISDICTION AND VENUE

4. This Court has federal jurisdiction un under 28 U.S.C. § 1331 and pendent jurisdiction over Plaintiff's state law claims.

5. Plaintiff timely filed his EEOC charge on May 5, 2022 and is filing this action within 90 days of his receipt of the Notice of Right To Sue which was issued on August 11, 2023.

6. Plaintiff is a qualified individual and was relevant hereto, an employee within the meaning under Title VII and Chapter 21 of the Texas Labor Code.

7. UTA as a covered entity within the meaning of Title VII and Chapter 21 of the Texas Labor Code. TCHRA.

## IV.
## FACTUAL ALLEGATIONS

8. Plaintiff is a 31-year-old gay male who began working for Defendant on September 8, 2020, and was summarily terminated on March 7, 2022.

9. Throughout his employment, Plaintiff met or exceeded the Defendant's expectations, as evidenced by favorable feedback and the absence of any disciplinary action throughout Plaintiff's employment with Defendant.

10. Plaintiff's supervisor was Ms. Yolanda Lavenant ("Lavenant")

11. Not long after Plaintiff was hired, he disclosed to Lavenant that he was gay.

12. After Plaintiff disclosed to Lavenant that he was gay, Lavenant began making disparaging comments about Plaintiff's sexual orientation in front of the other workers in the workplace.

13. The first time was in the fall of 2020 when Plaintiff, Lavenant and other appraisers were in the company truck going to do an appraisal. Lavenant asked Plaintiff if he liked spicy food. Plaintiff replied "no", Lavenant then said in Spanish: "You're such a fag!" and the other appraisers in the truck laughed.

14. The next day Plaintiff went to Lavenant's office to speak to her privately. Plaintiff reminded Lavenant of her comment the previous morning and told Lavenant it was inappropriate and offended him. Lavenant stated: "It was a joke!". Plaintiff explained to Lavenant that it didn't matter if she was joking or not, it was insulting and asked her not to do it. Lavenant rolled her eyes and stated, "This is my office and you're not going to tell me what I can and cannot say."

15. A few weeks later, while the staff were having lunch together, Plaintiff was sitting at a table having a conversation with a coworker when Lavenant walked in. As she walked past

the Plaintiff she said the word "Faggot" in Spanish. A couple of people laughed. Plaintiff turned to see Lavenant looking directly at him. Plaintiff also observed other people within earshot, glance over at him when Lavenant used the word "Faggot", confirming that Lavenant was referring to Plaintiff.

16. Plaintiff again went to Lavenant's office later that day. As he walked in, she very dismissively stated: "What?", I'm very busy!" Plaintiff said "Yolanda, this is the second time, don't do it again". She responded, "you're too sensitive, you need to get over it!" Lavenant made it a point to say it in front of Plaintiff again to let him know she was going to do and say as she pleased.

17. Plaintiff told Lavenant that he did not appreciate her comments. Despite his objection to such comments, Lavenant continued to make disparaging comments in the workplace about the Plaintiff.

18. In the beginning of 2022, Plaintiff contracted COVID-19, the World Health Organization (WHO) had relaxed most guidelines, stating if there were no symptoms and if an N95 mask was worn, an employee diagnosed with COVID could continue to work. When Plaintiff disclosed to Lavenant that he had been diagnosed with COVID, Lavenant directed Plaintiff to stay home for 2 weeks, exhausting all his sick leave and much of his personal leave. Plaintiff asked the district for half pay, but Lavenant still chose not to let the Plaintiff return to work.

19. During this same period a co-coworker had also been exposed to COVID-19 by a family member who lived with her. Lavenant allowed this co-worker to return to work in less than 5 days. Within a few days she requested approval from the BOD for COVID-19 Paid Leave and was approved. Lavenant still refused to pay Plaintiff for his time off work due to COVID.

20. As one of three Appraisers, part of Plaintiff's job was to oversee the business personal property accounts. In January of each year, Plaintiff received completed rendition forms

by mail, hand delivery, or via email to review and enter certain information into the computer system. In early 2022, Lavenant instructed the front office staff to forward all of Plaintiff's mail to her including the rendition forms. Lavenant kept everything and refused to let Plaintiff work on them. She also refused to give Plaintiff the Vehicle Registration List for 2022. She received the disc containing this information but refused to print it or release it.

21. When Taxpayers began calling to ask about their vehicles, Plaintiff asked Lavenant for the disc, but she refused and instructed Plaintiff to tell the taxpayers that the county had not yet received it.

22. Plaintiff was not given the log until March 2022, a few days before his termination. During this time, Mrs. Lavenant allowed the other two Appraisers to continue their work as usual.

23. On March 2, 2022, Lavenant requested to meet with Plaintiff and made several false accusations regarding his job performance. Plaintiff denied the allegations and demanded that she produce proof of any wrongdoing. When Lavenant could not produce any proof of wrongdoing, Plaintiff left her office. On his way out, Plaintiff informed her if she continued this unfair treatment, he would request a meeting with the BOD.

24. On March 3, 2022, Plaintiff took a personal day because he could no longer take the stress caused by Lavenant. That same day, Plaintiff reported to HR that he felt he was being discriminated and harassed because of his sexual orientation. Plaintiff then inquired about the procedure for filing a complaint against Lavenant for discrimination and harassment. HR stated that she didn't have any experience with complaints and would have to get back to Plaintiff. HR then informed Lavenant about the complaint.

25. When Plaintiff returned to work on the morning of March 7, 2022, Lavenant came to the doorway of Plaintiff's office along with a witness Alex Silva ("Silva"). Standing in the

doorway, Lavenant stated: "Before you start anything, I just want to let you know that I'm firing you because HR told me that you filed a complaint against me, and I don't trust you anymore! Get your things and leave!" Plaintiff stated: "you cannot do that!" and Lavenant replied: "Yes, I can!" Silva then stated, "Yes she can because Texas is an At-Will employment state, so she can fire you for whatever she wants."

26. This all transpired while Lavenant stood at the entrance to Plaintiff's office with the door open. Lavenant never sat down for a conversation and never provided Plaintiff any paperwork. Instead of answering any questions Lavenant went to her office, closed the door, and refused to speak to Plaintiff.

27. Defendant never gave any other reason for Plaintiff's termination.

## V.
## CAUSES OF ACTION

### AS TO THE FIRST CAUSE OF ACTION
### DISCRIMINATION BASED ON SEXUAL ORIENTATION IN VIOLATION OF TITLE VII AND CHAPTER 21 OF THE TEXAS LABOR CODE

28. The foregoing paragraphs of this Petition are incorporated in this Count by reference as if set forth at length herein.

29. Plaintiff is a covered employee under Title VII and the Texas Labor Code

30. Defendant is a covered employer under both the state and federal statutes.

31. Defendant has waived any sovereign immunity under Chapter 21 of the Texas Labor Code and may be sued in federal court under Title VII if this matter is not resolved.

32. Plaintiff was unfairly terminated due to his sexual orientation and in retaliation for his protected activity of reporting discrimination and harassment by Lavenant and in retaliation for filing a grievance with the Defendant

33. Plaintiff filed a timely charge of discrimination with the EEOC and Texas Workforce Commission on or about May 5, 2022, after filing charge, Plaintiff waited 180 days and requested a Notice of Right to Sue from the EEOC. The EEOC issued Plaintiff a Notice of Right to Sue on or about August 11, 2023. Plaintiff filed the instant lawsuit within 90 days of receipt thereof.

34. Defendant took an adverse employment action against Plaintiff on account of his sexual orientation and protected activities. In doing so Defendant violated the Title VII and the Texas Labor Code §21.001 et seq, by discharging and discriminating against Plaintiff.

35. Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for lost wages, pecuniary losses, emotional pain and suffering, inconvenience, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff therefore is also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court, attorneys' fees, and expert fees as allowed by Texas Labor Code Ann.§21.259.

36. Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under state law and federal law.

## VI.
## AS TO THE SECOND CAUSE OF ACTION
## UNLAWFUL RETALIATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE

37. The foregoing paragraphs are incorporated herein as though fully set forth.

38. Defendant terminated Plaintiff's employment contract in retaliation for his protected activity of reporting harassment in the workplace and based upon his sexual

orientation.

39. Defendant's termination of Plaintiff's employment was in retaliation for Plaintiff's grievances which constitute protected activity under Title VII and Chapter 21 of the Texas Labor Code in the termination of Plaintiff and violated the TCHRA by retaliating and discharging Plaintiff and/or discriminating against Plaintiff.

40. Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for lost wages, pecuniary losses, emotional pain and suffering, inconvenience, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff therefore is also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court, attorneys' fees, and expert fees as allowed by Texas Labor Code Ann. §21.259.

41. Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under federal and state law.

## VII.
## JURY DEMAND

42. Plaintiff demands a Trial by Jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff will recover the following relief against Defendant:

> (1) Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future medical expenses;
>
> (2) Judgment for past and future pecuniary losses, emotional pain and suffering,

inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3) Exemplary damages in an amount to be determined by the trier of fact;

(4) An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(5) An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which he was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(6) Prejudgment and post-judgment interest at the maximum legal rate;

(7) Attorney's fees;

(8) Expert's fees;

(9) All costs of court; and

(10) Such other and further relief to which Plaintiff may be justly entitled.

Dated: November 7, 2023

Respectfully Submitted,

**THE LAW OFFICES OF NICK O'KELLY, PLLC**

By: /s/ *Nicholas A. O'Kelly*
Nicholas A. O'Kelly
State Bar No. 15241235
The Law Offices of Nick O'Kelly, PLLC.
4925 Greenville Avenue, Suite 200
Dallas, TX 75206
Phone: (214) 233-6154
Email: nick@okellylawyer.com

**ATTORNEY FOR PLAINTIFF
ROBERT GUTTIEREZ**